IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02140-WJM-MEH

PAMELA FINE,

    Plaintiff,

v.

JOSEPH M. TUMPKIN,
MIKE MACINTYRE,
RICK GEORGE,
PHILIP DISTEFANO, and
BRUCE BENSON,

    Defendants.

## ORDER ON MOTIONS TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff initiated this diversity action on September 6, 2017 alleging claims of assault, battery, false imprisonment, and outrageous conduct against Tumpkin, a former University of Colorado ("CU") assistant football coach, and claims of negligence and civil conspiracy against CU officials MacIntyre (head football coach), George (athletic director), DiStefano (chancellor), and Benson (president) (collectively, the "CU Defendants").[1] *See* Comp., ECF No. 1. Tumpkin filed an answer in response to the Complaint, but the CU Defendants filed motions to dismiss primarily arguing that they enjoy absolute immunity from suit pursuant to the Colorado Governmental Immunity Act ("CGIA"). Mots., ECF Nos. 16, 17. With their replies to the motions to dismiss, the CU Defendants filed a motion to stay these proceedings pending resolution of the immunity issue. ECF No. 38. The following day, Tumpkin filed his motion to stay proceedings pending resolution

---

[1]The Defendants' stated positions at CU are alleged for all times relevant in the Complaint.

of a "parallel state criminal action." ECF No. 43. The motions to stay have been referred to this Court for resolution and, for the following reasons, the Court grants both motions.

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.1990). The Court's discretion to stay proceedings arises from its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

## I. CU Defendants' Motion to Stay

Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier*, 516 U.S. 299, 308, 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

The CU Defendants raise immunity under the Colorado Governmental Immunity Act ("CGIA"). Pursuant to the CGIA,

> If a public employee raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery; except that any discovery necessary to decide the issue of sovereign immunity shall be allowed to proceed, and the court shall decide such issue on motion. The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.

Colo. Rev. Stat. § 24–10–118(2.5). "Such a rule comports with the CGIA's purpose of 'protect[ing] the government from excessive fiscal burdens, which include not only the cost of judgments against the government but the costs of unnecessary litigation as well.'" *Chambers v. Bd. of Cnty. Comm'rs of Cnty. of Eagle*, No. 13–cv–00393–REB–MEH, 2013 WL 4052397, at *2 (D. Colo. Aug. 12, 2013) (quoting *Finnie v. Jefferson Cnty. Sch. Dist. R–1*, 79 P.3d 1253, 1259 (Colo. 2003) and granting motions to stay filed by entity and individuals)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors for determining the propriety of a stay, the Court finds that a temporary stay is appropriate here, pending adjudication of the motions to dismiss. With respect to the first and second factors, there can be no doubt that Plaintiff has an interest in proceeding expeditiously, but the Court finds that the potential harm to Plaintiff in briefly awaiting a ruling on the motions is outweighed by the burden Defendants would bear in requesting and responding to discovery pending resolution of motions that could remove them from the case and change the framework and scope of the litigation.

Furthermore, while this analysis determines procedure rather than substance according to the *Erie* doctrine,[2] the Court finds persuasive the Colorado Supreme Court's mandate that discovery be

---

[2] "As a federal court sitting in diversity, the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), dictates that state substantive law should apply, *Hanna v. Plumer*, 380 U.S. 460, 466–68, 85 S. Ct. 1136, 14 L. Ed.2d 8 (1965), but that federal procedural rules will nevertheless control the analysis." *Aspen Orthopaedics & Sports Med., LLC v. Aspen*

3

suspended. *See* Colo. Rev. Stat. § 24-10-118(2.5). The statute's exception – that discovery necessary to decide the issue of sovereign immunity should proceed – does not apply here, where the Plaintiff has already filed responses to the motions to dismiss and, in so doing, sought no limited discovery for such purpose.

Plaintiff argues that the CU Defendants' discovery requirements will be no less burdensome here than as third-party witnesses to the claims in this matter, and Plaintiff intends to serve third party discovery on the CU Defendants if they are dismissed from this action. Resp. 2, 4. But, the Court agrees with the Defendants that, if they are dismissed from the case, the action will focus solely on Plaintiff's claims against Tumpkin, which are separate and apart from the claims raised against them. In other words, while Plaintiff's claims against Tumpkin arise from her relationship with him and from alleged events that occurred during the relationship, the claims against the CU Defendants arise from alleged events that occurred after the relationship ended. *See* Comp. ¶¶ 64, 68. Dismissal of these latter claims would change the framework and scope of the action and, likely, lessen the CU Defendants' discovery burden. The Court finds the first and second factors weigh in favor of a stay of the action.

With regard to the third factor, the Court finds it more efficient to stay this action against the CU Defendants until it is clear that the case will proceed. *See Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The third factor weighs in favor of staying this matter.

---

*Valley Hosp. Dist.*, 353 F.3d 832, 844 (10th Cir. 2003) (Briscoe, J. concurring) (interpreting Colo. Rev. Stat. § 24-10-118(2.5) and finding that federal law applies in determining whether an order denying a motion raising a CGIA immunity defense is final for purposes of appeal).

Consideration of the remaining *String Cheese* factors (*i.e.*, the interests of nonparties and the public in general) do not prompt a different result and, thus, weigh neutrally. On the whole, the Court holds that a temporary stay of discovery is appropriate pending the resolution of the immunity questions raised in the CU Defendants' motions to dismiss.

## II. Tumpkin's Motion to Stay

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. ... A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* at 1080–81.

In *Creative Consumer Concepts*, the Tenth Circuit upheld a district court's denial of a motion to stay civil proceedings pending a "parallel" criminal matter, finding "there was limited overlap between the issues and evidence in the civil and criminal trials" (*id.* at 1081 ("In fact, the court limited the scope of the bench trial so much, it is better considered 'simultaneous' than 'parallel' to the criminal case.")) and the plaintiff failed to demonstrate unfair prejudice from the denial of a stay

5

(*id.* ("[Plaintiff] waived her Fifth Amendment privilege with respect to the questions she answered during her deposition," which occurred before she filed her motion to stay)).

Typically, courts consider the following factors "[w]hen exercising [their] discretion to stay a case in light of pending criminal matters":

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the [criminal] case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Auto-Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14-cv-01580-REB-KLM, 2014 WL 7251678 at *2 (D. Colo. Dec. 19, 2014) (quoting *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003)); *see also Brancato v. Panio*, No. 12-cv-02338-MSK-MEH, 2012 WL 6137472, at *2–*3 (D. Colo. Dec. 7, 2012) (weighing the same factors as set forth in *U.S. S.E.C. v. Trujillo*, No. 09-cv-00403-MSK-KMT, 2010 WL 2232388, at *2 (D. Colo. Jun. 1, 2010)).

The Court finds the first factor weighs in favor of a stay. Plaintiff's argument that the issues in the criminal case are only a portion of those alleged in this case is a non-starter. The first factor focuses on the question of "overlap" to determine whether the defendant's Fifth Amendment rights are or may be implicated. The Court finds that the eight criminal charges of assault in the second and third degrees, relating to Tumpkin's alleged conduct during certain times in 2015 and 2016, overlap with those alleged in this action; in particular, Count I relates to allegations made in ¶¶ 35, 36; Counts IV and VI relate to allegations made in ¶¶ 52, 53; Counts V and VIII relate to allegations made in ¶¶ 62–64; and Counts II, III, and VII are subsumed in the allegations made in ¶ 37. Unlike in *Creative Consumer Concepts*, the Court finds the criminal and civil actions here to be parallel for purposes of determining whether Tumpkin's Fifth Amendment rights are implicated.

Regarding the second factor, it is not disputed that the State of Colorado has filed a criminal complaint against Tumpkin. *See* ECF No. 43-1. Plaintiff contends, however, that Tumpkin has "possibly strategically" delayed the course of the criminal action by appealing a discovery order that still had not been resolved. Resp. 6, 7. The arguments and evidence presented here reflect that Tumpkin appealed to the district court, pursuant to Colo. R. Civ. P. 106(a)(4)(V), Broomfield County Court's order granting the prosecution's motion to issue a protective order and to review in camera pictures and text messages downloaded from the alleged victim's (Plaintiff) cell phone. Petition, ECF No. 51-1 at 2–3. At the same time, Tumpkin filed a motion to stay the county court proceedings pending his appeal, and the district court indicated that it would allow the presentation of evidence at a hearing on the motion to stay. *Id.* at 3. The Broomfield County Court then petitioned the Colorado Supreme Court pursuant to C.A.R. 21 on June 16, 2017, seeking an order to show cause why the district court's order should not be reversed. *Id.* at 22. That court issued an order on December 7, 2017 essentially granting in part and denying in part the petition and directing that the county court proceeding be stayed pending resolution of the Rule 106(a)(4) appeal "without an evidentiary hearing." Order, ECF No. 51-2.

The Court disagrees with the Plaintiff that Defendant is solely "to blame" for any delay in the criminal proceedings. Rather, the parties engaged in what appears to be (without more information) a reasonable dispute regarding whether a criminal defendant should be entitled to all of the information provided to the prosecution; in the parallel matter, Tumpkin disagreed with the county court's order and, as was his prerogative, he chose to appeal the order to the district court. There is no indication that Tumpkin had any responsibility for the subsequent months-long delay arising from the county court's petition to the Colorado Supreme Court. Accordingly, the Court finds that the status of the criminal proceeding—that is, *post*-complaint—weighs in favor of a stay

of the proceedings here.

For the third factor, Plaintiff contends that Tumpkin's arguments in support of a stay, including his assertion that Plaintiff could be compensated with prejudgment interest should the Court impose a stay, "reflect a callous perspective of this entire matter." Resp. 8. The Court is not entirely convinced and notes that Plaintiff's two requests for relief in this action are (1) monetary damages, including costs and attorney's fees, and (2) "such other and further relief as this Court deems just and equitable under the circumstances." Comp., ECF No. 1 at 32. In any case, the Plaintiff argues that she needs resolution and healing, as well as to " help[ ] the University and larger community by forcing people of authority and power to take responsibility for violence and abuse." Resp. 8. Plaintiff also notes a concern about preserving evidence and fading memories and asserts that "no date has been scheduled for Tumpkin's criminal trial, and there is virtually no prospect of the criminal case being quickly resolved." *Id.* at 9.

The Court acknowledges Plaintiff's concerns as real and important. However, a stay of this civil matter does not mean that all aspects of the adjudication of Plaintiff's allegations are halted. The criminal case will continue and, as with many such cases, the prosecution will receive discovery, and the Court understands that in this case some, if not all, of what the prosecution receives has been (and apparently will be) shared with the Plaintiff. Reply 12 ("Colorado law affords [Plaintiff] special rights in the criminal case that require the prosecution to confer with her about important points and give her the opportunity to inform the criminal court of her position on those issues. *See* Colo. Const. art. II, § 16a; §§ 24-4.1-302.5, 24-4.1-303, and 24-31-106, C.R.S. (2017)."). Furthermore, there is nothing demonstrating a bar to Plaintiff advancing her interests in alerting the public to violence and abuse through the criminal case, but the Court recognizes that Plaintiff has more control over the distribution of such information in her civil case. Weighing the

Plaintiff's concerns and the fact that some adjudication of her allegations will proceed in the instance of a stay here, the Court finds this factor weighs slightly against a stay.

The interests and burden on Tumpkin should the Court proceed with this case are not light. As set forth above, the Court finds the criminal case parallel to the allegations raised here and, thus, Tumpkin's Fifth Amendment rights are implicated. Plaintiff argues that a stay is not justified simply because a party must choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Resp 9. While this is true, the Court also finds compelling the Tenth Circuit's finding in *Creative Consumer Concepts* that "[a] district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." 563 F.3d at 1080–81. Because the allegations in the criminal proceeding are essentially the same as those raised here, and the Plaintiff admits that "Tumpkin's civil liability is broader" (Resp. 5), the Court must take care to ensure that no party gains an advantage from engaging in discovery in the civil case while the criminal case proceeds, and that the civil proceeding does not expose Tumpkin's criminal defense strategy to the Plaintiff/criminal victim. The safest way to prevent these issues is to stay civil discovery temporarily until the criminal matter resolves.

Plaintiff argues that actions "less drastic" than a stay of proceedings may be imposed, such as a protective order and/or restricting any discovery documents filed on the public docket. The Court finds that, while these less restrictive actions may be effective in other cases, in this case, such actions would not prevent the issues identified above since the Plaintiff is entitled (unless otherwise ordered) to have access to all discovery exchanged in her case. Plaintiff neither suggests nor argues for the imposition of an "attorney's eyes only" provision in a blanket protective order and, without

9

further argument, the Court is not convinced it would be effective. The Court concludes that the fourth factor weighs in favor of a stay.

As for the fifth and sixth factors, the Court looks to Fed. R. Civ. P. 1, which requires that the federal rules of civil procedure, including Rule 26(c), "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." While true that a stay of this action will result in a delay of the proceedings and, thus, contravene any "speedy" administration of the case, the Court must also ensure a "just" determination of the action. In this respect, the Court finds Tumpkin's interests in avoiding exposure of his criminal defense strategy to Plaintiff outweighs the Plaintiff's interest in proceeding in this matter with all due speed. Thus, these factors weigh slightly in favor of imposing a stay.

Consideration of all six factors reveals that they weigh in favor of imposing a stay of the civil proceedings of this matter against Tumpkin pending resolution of Tumpkin's criminal case. In addition, the Court finds the factual circumstances here distinguishable from those in *Creative Consumer Concepts*, *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d at 1236-37, and *Brancato*, 2012 WL 6137472, at *2–*3 in which the courts concluded that stays were not necessary.

## III. Conclusion

In sum, the Court finds that the CU Defendants have demonstrated good cause to impose a temporary stay of discovery in this case pending resolution of their motions to dismiss raising the jurisdictional question of whether they are immune from suit pursuant to the CGIA, and that Tumpkin demonstrates good cause to impose a stay of the proceedings against him pending resolution of the parallel criminal case. Therefore, the CU Defendants' Motion to Stay Discovery Pending Resolution of Sovereign Immunity [filed November 28, 2017; ECF No. 38] is **granted** and

Tumpkin's Motion for Stay of Discovery and Further Proceedings [filed November 29, 2017; ECF No. 43] is **granted**. The Court will hold a Status Conference on **March 5, 2018 at 10:15 a.m.** at which counsel for the parties may appear by telephone by first teleconferencing together, then calling my chambers at (303) 844-4507.

DATED at Denver, Colorado, this 8th day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge