IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2140-WJM-MEH

PAMELA FINE,

    Plaintiff,

v.

JOSEPH M. TUMPKIN,
MIKE MACINTYRE,
RICK GEORGE,
PHILIP DISTEFANO, and
BRUCE BENSON,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)**

---

Plaintiff Pamela Fine seeks a entry of a final judgment against Defendants Mike MacIntyre, Rick George, Philip DiStefano, and Bruce Benson (jointly, "University Defendants") pursuant to Federal Rule of Civil Procedure 54(b). Plaintiff brought negligence claims and a corresponding conspiracy against the University Defendants arising out of the manner in which they responded to Plaintiff's allegations of abuse by Defendant Joseph Tumpkin ("Tumpkin") during his tenure as an Assistant Coach of the University of Colorado men's football team. The Court dismissed Plaintiff's negligence and conspiracy claims against the University Defendants because Plaintiff had not and could not establish that the University Defendants owed her a duty of care ("Dismissal Order"). (ECF No. 59 at 16, 18.) Plaintiff's remaining claims against Tumpkin are stayed pending resolution of a state court criminal proceeding. (ECF No. 52 at 10; ECF

No. 59 at 19.)

Plaintiff appealed the Dismissal Order to the Tenth Circuit Court of Appeals. (ECF No. 61.) The Tenth Circuit reviewed this Court's docket and suspended merits briefing pending resolution of a jurisdictional defect: the Court's Dismissal Order did not resolve all claims by and against all parties. (ECF No. 64 at 2.) Plaintiff then filed the present motion asking the Court to direct entry of a final judgment as to the University Defendants under Rule 54(b)(the "Motion"). (ECF No. 65.) Plaintiff has informed the Court that the University Defendants do not object to the relief requested, and neither the University Defendants nor Tumpkin filed a response to the motion. For the reasons discussed below, the Motion is granted.

## I. LEGAL STANDARD

Rule 54(b) states that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) was adopted to codify the "historic rule in the federal courts [which] has always prohibited piecemeal disposition of litigation" and "to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54(b) advisory committee's note.

"Rule 54(b) entries are not to be made routinely . . . . [T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). "Rule 54(b) may be invoked only in a relatively select group of

2

cases and applied to an even more limited category of decisions." *Waltman v. Georgia-Pac., LLC*, 590 F. App'x 799, 808 (10th Cir. 2014) (internal quotation marks omitted).

To grant a motion under Rule 54(b), a court must make two "express determinations": (1) that the relevant order is a final order, and (2) that there is no just reason to delay entry of judgment until a conclusive ruling has been made on all claims and all parties to the case. *Okla. Tpk. Auth.*, 259 F.3d at 1242. A court must also confirm that the lawsuit involves multiple claims. *Waltman*, 590 F. App'x at 809 n.9.[1] A district court's determination of finality is subject to *de novo* review, whereas the "no just reason for delay" decision is reviewed for abuse of discretion. *Okla. Tpk. Auth.*, 259 F.3d at 1242.

## II. ANALYSIS

The Motion is effectively confessed. Neither the University Defendants nor Tumpkin responded to Plaintiff's motion for Rule 54(b) certification. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff conferred with the University Defendants who indicated that they do not object to the relief requested. (ECF No. 66.) On this basis alone the Court would have grounds to grant the Motion.

However, given that Rule 54(b) certifications are a disfavored remedy, the Court is compelled to perform a full analysis including determining that there are multiple claims and the decision is final, certifying that there is no reason for just delay, and

---

[1] Courts have generally discussed two requirements for Rule 54(b) motions, finality and "no reason for delay." *See, e.g.*, *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). However, in *Waltman*, the Tenth Circuit found it "preferable to use a linguistic formulation of Rule 54(b) that explicitly recognizes the multiple-claims condition through the articulation of three requirements." 590 F. App'x at 809 n.9.

directing an entry of judgment. *See Alpine Bank v. Hubbell*, 2007 WL 3216573 at *2 (D. Colo. Oct. 25, 2007) (analyzing a plaintiff's unopposed motion for a Rule 54(b) certification).

## A. Multiple Claims

Plaintiff brought multiple claims, which arose out of a shared set of facts, against multiple defendants. (ECF No. 1 ¶¶ 115–174.) Plaintiff brought negligence and conspiracy claims against the University Defendants. (*Id.* ¶¶ 132–174.) Plaintiff also brought assault, battery, false imprisonment, and intentional infliction of emotional distress claims against Tumpkin. (*Id.* ¶¶ 115–131.) The requirement of multiple claims against multiple defendants is thus satisfied.

## B. Final Judgment

In the context of a Rule 54(b) certification, the "judgement" must be final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Stockman's Water Co.*, 425 F.3d at 1265.

The Dismissal Order fully and finally resolved all of Plaintiff's claims against the University Defendants. Plaintiff's only remaining claims (assault, battery, false imprisonment, and intentional infliction of emotional distress) are brought only against Tumpkin. While the claims against the University Defendants and Tumpkin share some factual underpinnings, there is no material overlap in the facts supporting the claims against the University Defendants and Tumpkin. The Court thus finds that the Dismissal Order was a final order with respect to the University Defendants for the

4

purposes of Rule 54(b). The Court must proceed to the second determination, whether there is any just reason to delay an entry of judgment.

**C.      Just Reason to Delay Entry of Judgment**

To determine whether there is a just reason to delay entry of judgment, a district court acts as a dispatcher, weighing judicial administrative interests against the potential injustice resulting from a delay in entering judgment. *Curtiss-Wright*, 446 U.S. at 8. The court considers both the policy of preventing piecemeal appeals and the inequities that could result from delaying an appeal. *Id.*

Plaintiff argues that there is no risk of piecemeal appeals in this case because the issue raised applies only to the University Defendants, not Tumpkin. (ECF NO. 65-1 at 5.) The Court agrees. On appeal, the Tenth Circuit will review whether this Court properly determined that the University Defendants did not owe Plaintiff a duty of care, and as a result dismissed the negligence and related claims against the University Defendants. This issue is wholly unrelated, both factually and legally, to any of Plaintiff's remaining claims against Tumpkin. There is no risk that the Tenth Circuit would again be asked to decide the same issue in a subsequent appeal of the disposition of Plaintiff's claims against Tumpkin.

Moreover, the inequities from delay to both Plaintiff and the University Defendants are greater than those in a typical case because this litigation is currently stayed pending the outcome of state court criminal proceedings against Tumpkin. (ECF No. 52 at 10–11.) A court may find that there is no just reason for delay of entry of judgment when all claims against one party are resolved and claims against the other party remain pending and stayed awaiting disposition of a related matter.

*Transmontaigne Prod. Servs. Inc. v. Danfair Properties, Inc.*, 2011 WL 3820820, at *1–2 (D. Colo. Aug. 30, 2011).

In the Court's view, it is highly significant that final resolution of the state criminal case against Tumpkin—through a possible appeal to the Colorado Supreme Court, if not beyond—could literally take years. Already, the instant case has been stayed for over a year. (ECF No. 72 at 2.) According to Plaintiff's most recent status report, Tumpkin's criminal prosecution is ongoing. On May 16, 2018, the Adams County District Court heard oral argument on a discovery issue, and subsequently reversed the decision of the Broomfield County Court Judge. (*Id.* at 2.) In these circumstances, the Court finds that there is no just reason to delay entry of judgment on the claims asserted against the University Defendants.

The risk of piecemeal litigation is low and far outweighed by the inequities that could result from delaying appeal until the resolution of the remainder of this case. The Court finds there is no just reason to delay entry of judgment as to the University Defendants, and that as a result, this is one of those rare case in which Rule 54(b) certification is appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) is GRANTED;
2. The Clerk of Court shall enter the appropriate judgment against Plaintiff on her claims against the University Defendants; and

3. The University Defendants shall have their court costs.


Dated this 25th day of January, 2019.

BY THE COURT:

William J. Martínez
United States District Judge