**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-2140-WJM-MEH

PAMELA FINE,

    Plaintiff,

v.

JOSEPH M. TUMPKIN,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Pamela Fine brings this lawsuit against Defendant Joseph Tumpkin alleging claims under Colorado state law for assault, battery, false imprisonment, and intentional infliction of emotional distress. (ECF No. 1 ¶¶ 115–31.) This matter is before the Court on Plaintiff's Partial Motion for Summary Judgment (the "Motion"), which seeks partial judgment in her favor on the liability elements of her assault and battery claims. (ECF No. 91.) For the reasons discussed below, the Motion is granted in part and denied in part.

## I. BACKGROUND

The followings facts are undisputed unless attributed to a party or otherwise noted.

Plaintiff and Defendant were in a relationship for approximately three years from

late 2013 to late 2016.  (ECF No. 91 at 2, ¶ 1; ECF No. 93 at 4, ¶ 1.)[1]  Plaintiff claims that in the course of their relationship, Defendant "physically, psychologically and verbally abused [Plaintiff], causing multiple instances of bodily injury."  (ECF No. 91 at 2, ¶ 2.)  She alleges that she "became apprehensive of each successive attack" and that the resulting emotional trauma resulted in a post-traumatic stress disorder diagnosis.  (*Id.*)  In support of her claim, Plaintiff submits an affidavit that states that on February 27, 2015, Defendant committed various acts of violence "over the course of several hours."  (*Id.* at 12.)  She adds "Every time [Defendant] moved towards me that night, I became fearful that he would again grab me, choke me, strike me, or otherwise physically hurt me more."  (*Id.*)  She also asserts that after that date, Defendant abused her on multiple occasions until the end of their relationship, and that she continued to feel fear "each time I saw that he intended to hurt me."  (*Id.* at 13.)

In response, Defendant submits his own affidavit, which denies the February 27, 2015 events described in Plaintiff's affidavit, and denies Plaintiff's other allegations of violence described in her complaint and affidavit.  (ECF No. 93-5.)

Plaintiff obtained a civil protection order against Defendant on December 20, 2016, and a permanent protection order on January 25, 2017.  (ECF No. 91 at 2, ¶¶ 3–4; ECF No. 93 at 4, ¶¶ 3–4.)  On February 1, 2017, the Broomfield Police Department arrested Defendant on a warrant, and filed five felony charges of second degree assault and three misdemeanor charges of third degree assault.  (ECF No. 91 at 2, ¶ 5; ECF No. 93 at 4, ¶ 5.)

---

[1] All ECF page citations are to the page number in the CM/ECF header, which does not always match the document's internal pagination, particularly in exhibits.

On February 1, 2019, Defendant pled guilty to "added count 9: assault in the third degree (M1) as an act of domestic violence." (ECF No. 91 at 2, ¶ 6; ECF No. 93 at 4, ¶ 6.) Specifically, Defendant pled guilty to the following elements of third degree assault:

- In the State of Colorado between the dates of February 27, 2015 and November 20, 2016,
- That I the Defendant Joseph Tumpkin,
- Knowingly or Recklessly,
- Caused Bodily Injury to Pamela Fine.

(ECF No. 93-3 at 3.) The Court conditionally accepted Defendant's guilty plea on February 1, 2019, and entered the guilty plea on April 25, 2019. (ECF No. 91 at 3, ¶¶ 8–9; ECF No. 93 at 5, ¶¶ 8–9.) On April 25, 2019, the Broomfield County Court sentenced Defendant to 30 months of probation and 30 days of jail time, and dismissed the remaining counts. (ECF No. 91 at 3, ¶ 10; ECF No. 93 at 5, ¶ 10.) In his plea, Defendant explicitly "agree[d] that there is a factual basis for the plea of guilty to the crime charged in this matter and waive[d] the requirement of showing a factual basis for the plea." (ECF No. 93-3 at 4.)

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that

one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

Plaintiff moves for partial summary judgment in her favor as to liability on her civil assault and civil battery claims.

Under Colorado law, assault and battery are similar intentional torts. To prove assault, a plaintiff must establish that: "(1) the defendant acted either with the intent of making a contact with the person of the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact; (2) the plaintiff was placed in apprehension of an imminent contact with his or her person by the conduct of the defendant; and (3) such contact was or appeared to be harmful or offensive." *Adams v. Corr. Corp. of Am.*, 187

4

P.3d 1190, 1198 (Colo. App. 2008) (citing *Bohrer v. DeHart*, 943 P.2d 1220, 1225 (Colo. App. 1997)); *see also* Colo. Jury Instr., Civil 20:1.  The elements of battery are similar.  *Adams*, 187 P.3d at 1198.  To prove battery, a plaintiff must establish that (1) the defendant intended to make harmful or offensive physical contact with the plaintiff; and (2) the defendant's act resulted in physical contact with the plaintiff.  *White v. Muniz*, 999 P.2d 814, 816 (Colo. 2000); Colo. Jury Instr., Civil 20:5.

## A.     Issue Preclusion

Plaintiff argues that the doctrine of issue preclusion precludes Defendant from relitigating in the instant proceeding elements of the crime to which he pled guilty.  (ECF No. 91 at 5.)  Specifically, Plaintiff argues that Defendant cannot relitigate the first or third elements of her assault claim—namely, intent to make bodily contact and harmful conduct—or the elements of her battery claim—intent to make contact and harmful conduct.  (ECF No. 91 at 5–9.)

"Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).  Claim preclusion, also know as *res judicata*, applies when

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

5

*Reynolds v. Cotten*, 274 P.3d 540, 543 (Colo. 2012); *Dodge*, 203 F.3d at 1198.[2]

Defendant does not contest that he was a party to the case that Plaintiff claims is preclusive, that the criminal action was finally adjudicated on the merits, or that he had a full and fair opportunity to litigate the issue in the prior case. (*See* ECF No. 93 at 8–15.) Rather, Defendant argues that the issues previously litigated are not identical to the issues here for three reasons. (*Id.*) The Court will address each in turn.

1. <u>Identity of the Issues: Mental State</u>

A person commits third degree assault if "[t]he person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon." Colo. Rev. Stat. § 18-3-204(1)(a); Colo. Jury Instr., Crim. 3-2:20. Colorado's criminal code explains that a person acts "'knowingly' or 'willfully' with respect to conduct or to a circumstance described by a statue defining an offense when he is aware that his conduct is of such nature or that such circumstance exist. A person acts 'knowingly' or 'willfully', with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result." Colo. Rev. Stat. § 18-1-501(a)(6); *see* Colo. Jury Instr.,

---

[2] Plaintiff argues that federal courts apply state law to determine the preclusive effect of a state court judgment, and thus cites state standards for claim preclusion. Defendant does not openly disagree, but cites only federal cases for the claim preclusion standard. In *Morgan v. Carrington Mortgage Services*, the Tenth Circuit stated that it "appl[ies] state law to determine the preclusive effect of a state court judgment," and decided the issue with reference to the state's claim preclusion law. 719 F. App'x 735, 741 (10th Cir. 2017); *see also Int'l Ass'n of Certified Home Inspectors v. HomeSafe Inspection, Inc.,* 2018 WL 704384, at *3 (D. Colo. Feb. 5, 2018), *aff'd*, 766 F. App'x 597 (10th Cir. 2019) (applying Mississippi law of claim preclusion to determine what effect to give the prior state court action). Because Defendant does not contest the applicability of Colorado law, the Court will assume that Colorado law applies. Ultimately, however, the Colorado and federal standards for claim preclusion are nearly identical, and thus the choice of state or federal law does not impact the disposition of the claim.

Crim. F:185. "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or a circumstances will exist." Colo. Rev. Stat. § 18-1-501(a)(8); see Colo. Jury Instr., Crim. F:308.

Defendant pled guilty to third degree assault, but his plea did not specify whether his actions were taken knowingly or recklessly. (ECF No. 93-3 at 3.) Taking the facts in the light most favorable to Defendant, Defendant's plea establishes that—in the single instance of assault to which Defendant pled—he acted recklessly, meaning that he consciously disregarded a substantial and unjustifiable risk that a result would occur.

With respect to the intent requirement for Plaintiff's civil claims of civil assault and civil battery, however, "a plaintiff must prove that the actor desired to cause offensive or harmful consequences by his act." *White*, 999 P.2d at 819. For civil assault, the Colorado Jury Instructions define "intent to place another in apprehension" as acting "with the purpose of causing apprehension of physical contact" or "knowing that . . . conduct will probably place another in apprehension of physical contact." Colo. Jury Instr., Civil 20:3.

Plaintiff claims, without citation to any case or statute, that the "conscious disregard" standard is a "higher bar[] than the civil intent standard." (ECF No. 104 at 6.) The Court disagrees. Recklessness requires an individual to consciously disregard a substantial and unjustifiable risk, in other words the individual must be aware of the risk and choose to act despite that risk. *People v. Hall*, 999 P.2d 207, 219 (Colo. 2000). Unlike the civil assault standard for intent, criminal recklessness requires only knowing that conduct could result in harm, not knowing that conduct *will probably* place another in apprehension. The mental state required for civil assault—at a minimum, knowing

7

that the conduct will probably place another in apprehension of physical contact—requires a higher level of *mens rea* than simply consciously disregarding a substantial and unjustifiably risk. Thus, the *mens rea* required for civil assault requires a greater showing than the *mens rea* established in Defendant's criminal plea.

Similarly, for civil battery, "[a] person intends to make a harmful or offensive physical contact with someone else if he acts with the purpose of causing such a contact even if he did not intend to cause the specific harm that actually occurred." Colo. Jury Instr., Civil 20:7. A defendant must both intend the contact and intend the contact to be harmful or offensive. *White*, 999 P.2d at 818. Civil battery thus requires a defendant to act with the purpose of causing contact, a higher standard than acting with conscious disregard of a substantial and unjustifiable risk.

The state of mind established in Defendant's criminal plea—reckless disregard—is legally different from, and requires a lesser showing to establish, the state of mind that Plaintiff must prove to establish her civil assault and civil battery claims—*viz.,* the *intent* to act or knowing that conduct will probably place another in apprehension. *See Breaux v. Am. Fam. Mut. Ins. Co.*, 2005 WL 8159284, at *4 (D. Colo. Mar. 23, 2005). Thus, there is no "identity of the issues" with respect to the *mens rea* requirement of the criminal charge to which the Defendant pled guilty, and the analogous civil claims asserted by Plaintiff in this action.

Accordingly, Plaintiff cannot use Defendant's plea to establish his mental state or the intent element of her civil assault or civil battery claims, and the Motion is denied on this basis.

### 2. Identity of the Issues: Harm

Plaintiff also argues that the guilty plea satisfies the harmful conduct element of bother her civil assault and civil battery claims. (ECF No. 91 at 9.) The Court agrees that Plaintiff has established identity of the issues as to the harm element of Defendant's plea and her civil assault and civil battery claims.

As part of his guilty plea, Defendant admitted to "caus[ing] bodily injury to Pamela Fine." (ECF No. 93-3 at 5.) The plea agreement defines "bodily injury" as "physical pain, illness, or any impairment of physical or mental condition." Civil assault requires that conduct "was or appeared to be harmful or offensive." *Adams*, 187 P.3d at 1198. Civil battery requires harmful or offensive contact by a defendant. *Bohrer v. DeHart*, 943 P.2d 1220, 1224 (Colo. App. 1996). Defendant has admitted that the event that forms the basis of his guilty plea harmed Plaintiff, an element of Plaintiff's civil assault and civil battery claims here. The issue of harm in the two proceedings is identical, and therefore collateral estoppel is appropriate on the harm element of Plaintiff's civil assault and civil battery claims. Accordingly, the Motion is granted as to the harm element of those claims. Defendant is collaterally estopped from denying that the predicate event for Defendant's guilty plea caused Plaintiff harm.

### 3. Identity of the Issues: Single or Multiple Events of Abuse

Plaintiff contends that in his plea, Defendant "admitted that the domestic violence took place over the entire date range of the charges, from February 27, 2015 through and including November 20, 2016." (ECF No. 91, at 3 ¶ 7.) Plaintiff relies on two sentences in a January 18, 2019 Broomfield County Court order, which stated that "[t]he date range of the criminal conduct within the proposed guilty plea is from

February 27, 2015, to November 20, 2016. This is the calendar range of the original charges in the Complaint." (ECF No. 93-1 at 2.) That order also recognized that "[i]n exchange for [Defendant's] guilty plea, the remaining counts would be dismissed." (*Id.*)

Defendant objects to Plaintiff's Motion insofar as it seeks a determination as a matter of law with respect to multiple instances of abuse alleged in her complaint here. (ECF No. 93 at 14.) Defendant explains that in his guilty plea he admitted to a single act of domestic violence, not a series of violent incidents throughout the February 2015 to November 2016 time period. (*Id*. at 5, ¶ 7.) In support, Defendant submits his guilty plea, which clearly states that he pled guilty to a single count of assault in the third degree in violation of Colorado Revised Statute § 18-3-204, a class one misdemeanor. (ECF No. 93-3 at 2.) Specifically, he pled guilty to the following elements of third degree assault:

- In the State of Colorado between the dates of February 27, 2015 and November 20, 2016,
- That I the Defendant Joseph Tumpkin,
- Knowingly or Recklessly,
- Caused Bodily Injury to Pamela Fine.

(ECF No. 93-3 at 3.) Defendant admitted to forcibly taking an electronic device from Plaintiff and causing bodily harm. (ECF No. 93-2 at 5 (presentence investigation report).)

Taking the facts in the light most favorable to Defendant, the plea agreement states that the single assault to which Defendant pled guilty occurred between February 27, 2015 and November 20, 2016, not that domestic violence or criminal conduct took place "over the entire date range." Defendant is therefore estopped only from denying

that the single assault which forms the factual basis for his guilty plea caused Plaintiff harm. Issue preclusion does not apply to any other instances of alleged assault.

**B.      Plaintiff's Mental State**

As to the second element of her assault claim, Plaintiff argues that there is no genuine dispute of material fact that Defendant placed her in apprehension of immediate physical contact. (ECF No. 91 at 9; ECF No. 104.) She attaches to the Motion an affidavit that states she "became fearful that he would again grab me, choke me, strike me, or otherwise physically hurt me more" and that during the "Domestic Violence Period, . . . I felt fear of injury each time I saw that he intended to hurt me." (ECF No. 91 at 12–13.) Plaintiff claims that "Defendant cannot create a genuine issue of material fact to dispute this element that purely depends on the victim's state of mind." (ECF No. 91 at 9.) Defendant disputes Plaintiff's mental state, and contends that Plaintiff's affidavit is not a sufficient basis to decide this element of her claim as a matter of law. (ECF No. 93 at 19–20.)

"[A] court should deny summary judgment unless the facts have been sufficiently developed to enable it to be reasonably certain that it is making the correct determination." *Williams v. Burns*, 540 F.Supp. 1243, 1250 (D. Colo. 1982) (denying summary judgment when the court was asked to make a determination on plaintiff's motive, intent, and credibility). "[A] judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment. In cases which involve delving into the state of mind of a party, the granting of summary judgment is especially questionable." *Norton v. The City of Marietta, Okla.*, 432 F.3d 1145, 1154 (10th Cir. 2005) (internal citation and quotation marks omitted).

Plaintiff's subjective statement that she on more than one occasion was fearful of further violence is not sufficient to establish her apprehension as a matter of law for our purposes in this case. While Plaintiff makes a specific allegation that she felt fear during a confrontation with Defendant on February 27, 2015 (ECF No. 91 at 12), Defendant denies the incident (ECF No. 93-5 at 1). Moreover, Plaintiff provides only limited information about that incident. Other than the limited allegations related to the February 27, 2015 incident, Plaintiff does not offer any evidence, apart from her generalized, subjective statements, that she believed she was in danger of imminent physical conduct. For example, she does not provide any other details as to when, where, and under what circumstances she feared physical contact.

Given the "dearth of evidence in the record," the Court could only find that Plaintiff had established her apprehension as a matter of law if it chose to believe Plaintiff over Defendant on the conclusory facts alleged. *See Norton*, 432 F.3d at 1154. The Court will not make that credibility determination at this stage of the proceedings. On the record before it, and viewing the facts in the light most favorable to Defendant, the Court cannot say as a matter of law that Plaintiff was in apprehension of immediate physical contact on February 27, 2015, during the incident that forms the basis of Defendant's criminal plea, or at all times between February 27, 2015 and November 20, 2016. Accordingly, Plaintiff's Motion is denied with respect to the apprehension element of her civil assault claim.

### IV. CONCLUSION

The Court emphasizes that its ruling today is relatively narrow, and much narrower than granting Plaintiff summary judgment for liability on her civil assault and

12

civil battery claims. Plaintiff may not use Defendant's plea to establish that he acted with the requisite civil intent during the incident that forms the basis of his criminal plea, or that he caused her harm on other occasions. Nonetheless, today's ruling does slightly reduce Plaintiff's evidentiary burden at trial, because the Court finds that she has established, as a matter of law, that Defendant caused her harm during the incident which formed the factual basis for Defendant's criminal plea.

Therefore, at trial, with respect to that incident, Plaintiff need only establish that Defendant acted with the requisite intent (for her civil assault and civil battery claims), and that Defendant placed her in apprehension of immediate physical contact (civil assault claim only). Defendant may not relitigate whether that incident caused Plaintiff harm.

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Partial Motion to Dismiss (ECF No. 91) is GRANTED IN PART and DENIED IN PART, as described below:
    a. The Motion is GRANTED to the extent that Defendant is collaterally estopped from denying that the single event that formed the factual basis of his criminal plea caused Plaintiff harm; and
    b. The remainder of the Motion is DENIED;
2. The matter REMAINS SET for a Final Pretrial Conference on June 15, 2020 at 10:30 a.m. in Courtroom A501 before U.S. Magistrate Judge Michael E. Hegarty.

Dated this 6th day of March, 2020.

BY THE COURT:

William J. Martinez
United States District Judge